IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ABRAHAM ADKINS,

                **Plaintiff,**

    v.                                    CASE NO. 06-3036-SAC

ROBERT SAPIEN, et al.,

                **Defendants.**

## O R D E R

This matter is before the court on a pro se pleading titled as a "Notice of Motion; Writ of Mandamus." Plaintiff is a prisoner incarcerated in a Kansas facility. He seeks relief under 28 U.S.C. § 1361 and 42 U.S.C. § 1983, and asks this court to exercise supplemental jurisdiction over his state law claims. Having reviewed plaintiff's pleadings, the court concludes this matter should be dismissed.

The Prison Litigation Reform Act (PLRA), effective April 26, 1996, mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). *See also*, Booth v. Churner, 531 U.S. 956 (2001)(Section 1997e(a), as amended by PLRA, requires prisoners to exhaust administrative remedies irrespective of the relief sought and offered through administrative channels).

In the present case, plaintiff seeks damages and declaratory and injunctive relief on a claim that restrictions imposed by the

Kansas Department of Corrections on plaintiff's ability to copy and mail documents violates his constitutional right of access to the courts. However, plaintiff cites no exhaustion of administrative remedies on any such claim, and broadly contends none is required because it would be futile. The court finds no merit to this contention.

A prisoner must exhaust administrative remedies even if administrative procedures "would appear to be futile at providing the kind of remedy sought." Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). A prisoner also bears the burden of sufficiently pleading exhaustion of grievance proceedings, which includes supplying supporting documentation on exhaustion of prison grievance proceedings, or in the absence of documentation, describing with specificity the administrative proceedings and the outcome. Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1209-10 (10th Cir. 2003).

Because plaintiff acknowledges in his complaint that he has not pursued administrative remedies on his constitutional challenge to prison regulations, the court concludes this matter should be dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a).

Plaintiff's attempt to seek mandamus relief is also rejected. This court's mandamus power does not extend to state court officials. *See* 28 U.S.C. § 1361(U.S. district court has original jurisdiction of any action in the nature of mandamus to compel "an officer or *employee of the United States or any agency thereof* to perform a duty owed to the plaintiff")(emphasis added). This court has no authority to issue such a writ to "direct state courts or their judicial officers in the performance of their duties." Van

2

Sickle v. Holloway, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986), quoting Haggard v. State of Tennessee, 421 F.2d 1384, 1386 (6th Cir. 1970).

For these reasons, the court exercises no supplemental jurisdiction over any state law claim, and concludes the complaint should be dismissed.[1]  *See* 28 U.S.C. § 1367(c)(3)(expressly authorizing district court to decline supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction).

IT IS THEREFORE ORDERED that the complaint is dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is denied as moot.

**IT IS SO ORDERED.**

DATED:  This 22nd day of February 2006 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[1] Plaintiff's "First Request for Production of Documents" (Doc. 3), is denied.  There is no merit to plaintiff's argument that Fed.R.Civ.P. 77 quashes Fed.R.Civ.P. 26.3 and D.Kan. Rule 5.4.2 as null and void, or that Fed.R.Civ.P. relieves plaintiff of his duty under D.Kan. Rule 5.1 to serve copies of his pleadings to defendants.