IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ABRAHAM ADKINS,

                          **Plaintiff,**

             v.                              CASE NO. 06-3036-SAC

ROBERT SAPIEN, et al.,

                          **Defendants.**


**O R D E R**

Plaintiff, a prisoner in a Kansas facility, initiated this action with a pro se pleading titled "Notice of Motion; Writ of Mandamus," seeking relief under 28 U.S.C. § 1361 and 42 U.S.C. § 1983, and seeking this court's exercise of supplemental jurisdiction over plaintiff's state law claims.  By an order dated February 22, 2006, the court rejected plaintiff's request for mandamus relief against state officials, declined to exercise supplemental jurisdiction, and dismissed plaintiff's § 1983 claims without prejudice pursuant to 42 U.S.C. § 1997e(a).

Before the court is plaintiff's motion (Doc. 6) for relief from the judgment entered in this matter.  *See* Fed.R.Civ.P. 60(b).[1]  Also

---

[1] Rule 60(b) provides in relevant part:
On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise

before the court is plaintiff's notice of appeal (Doc. 7) from the order and judgment entered on February 22, 2006.

A Rule 60(b) motion is not a vehicle to reargue the merits of the underlying judgment, to advance new arguments which could have been presented in the parties' original motion papers, or as a substitute for appeal. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576-77 (10th Cir. 1996). Relief under Rule 60(b) is "extraordinary and may be granted only in exceptional circumstances." Amoco Oil Co. v. United States Environmental Protection Agency, 231 F.3d 694, 697 (10th Cir. 2000).

In his motion, plaintiff argues he should have been granted an opportunity to amend his complaint to cure identified deficiencies, and that no exhaustion of administrative remedies was required under the circumstances. The court disagrees.

Although it is generally recognized that "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings," Hall v. Bellmon, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991), dismissal of an action without granting an opportunity for amendment remains appropriate where it is obvious on the face of the complaint that the plaintiff could not prevail on the facts alleged, and where allowing the litigant an opportunity to amend the complaint would be futile. Whitney v. New Mexico, 113 F.3d 1170, 1173 (10th Cir. 1997). *See also* Curley v. Perry, 246 F.3d 1278, 1284 (10th Cir. 2001)(lack of prior notice before sua sponte

---

vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

2

dismissal is harmless where plaintiff had reasonable post-judgment opportunity to present his arguments and suggested curative amendments to the court).

Here, the complaint clearly displayed both plaintiff's failure to exhaust administrative remedies, and plaintiff's argument that no such exhaustion of administrative remedies was required under the circumstances. The court found no legal merit to this argument under Supreme Court and Tenth Circuit law, and plaintiff's reiteration of this same argument in the instant motion warrants no relief from the judgment entered on February 22, 2006. Moreover, plaintiff's motion serves to highlight the court's earlier finding that allowing plaintiff an opportunity to amend the complaint would have been futile in remedying plaintiff's failure to comply with the statutory requirement imposed by 42 U.S.C. § 1997e(a).

Likewise, to the extent plaintiff seeks relief from the court's rejection of plaintiff's request for a writ of mandamus and for the federal court's supplemental jurisdiction over plaintiff's state law claims, the court finds no basis for granting relief under Rule 60(b) has been demonstrated.

Plaintiff did not submit the $255.00 filing fee for his appeal. Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in plaintiff's inmate trust fund account for the six months immediately preceding the filing of his notice of appeal. Having considered plaintiff's financial records, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis.
3

*See* 28 U.S.C. § 1915(b)(4)(where inmate has no means to pay initial partial filing fee, prisoner is not to be prohibited from bringing a civil action).  Plaintiff remains obligated to pay the full $255.00 appellate filing fee, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

IT IS THEREFORE ORDERED that plaintiff's motion for relief from judgment (Doc. 6) is denied.

IT IS FURTHER ORDERED that plaintiff is granted leave to proceed in forma pauperis on appeal.

The clerk's office is to send a copy of this order to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 24th day of March 2006 at Topeka, Kansas.

_s/ Sam A. Crow_
SAM A. CROW
U.S. Senior District Judge